IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUONG GILMER GIACCIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-3005-E-BN |
| | § | |
| MEREDITH LYON, ET AL., | § | |
| | § | |
| Defendants. | § | |

## SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Huong Gilmer Giaccio, proceeding *pro se*, filed this civil rights lawsuit against municipal judges and employees of the City of Carrollton. *See* Dkt. No. 3. United States District Judge Ada Brown referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On June 24, 2025, the undersigned entered findings of fact, conclusions of law, and recommendation (the "Initial FCR") that the Court *sua sponte* dismiss the complaint. *See* Dkt. No. 27.

Giaccio filed objections. *See* Dkt. No 28. And she filed her one amended complaint as a matter of course. *See* Dkt. No. 29. The amended allegations, like her initial allegations, are barred by judicial immunity as to Judges Meredith Lyon and Christopher Castro and by prosecutorial immunity as to Fabian Melo, and her claims against Daimon Hail are contradicted by documentary evidence Giaccio filed with her original complaint and fail to state a claim. So the Court should dismiss this case for

the reasons set out in the Initial FCR.

## Leave to Amend

Within her voluminous filings on July 6, 2025 and July 7, 2025, Giaccio filed three motions for leave to amend. *See* Dkt. No. 28 at 2-3; Dkt. Nos. 32, 33. But Giaccio does not require leave to file the First Amended Complaint, which is her one amendment as a matter of course. *See* FED. R. CIV. P. 15(a)(1).

But leave to amend again is not required when a plaintiff has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Giaccio already has a separate lawsuit pending against the Carrollton code enforcement officers. *See Giaccio v. Davis*, No. 3:24-cv-2469-B-BW (filed Oct. 2, 2024). And Giaccio's amended complaint fails to state or suggest a cognizable claim against the defendants in this lawsuit or any facts from which a cognizable claim can be inferred. Based on the most deferential review of her complaint, it is highly unlikely that, given another opportunity, Giaccio could allege viable legal claims against the defendants in this case. And, so, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

But the opportunity to file objections to these findings, conclusions, and recommendation (as further explained below) allows Giaccio another opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments

would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

## Recommendation

The Court should dismiss the amended complaint with prejudice as to the claims against Daimon Hail and dismiss the claims against the remaining defendants as barred by immunity.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

- 4 -

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 8, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE