IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUONG GILMER GIACCIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-3005-E-BN |
| | § | |
| MEREDITH LYON, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Huong Gilmer Giaccio, proceeding *pro se*, filed this civil rights lawsuit against municipal judges and employees of the City of Carrollton. *See* Dkt. No. 3. United States District Judge Ada Brown referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On June 24, 2025, the undersigned entered findings of fact, conclusions of law, and recommendation ("Initial FCR") that the Court *sua sponte* dismiss the complaint. *See* Dkt. No. 27.

Giaccio filed objections. *See* Dkt. No 28. And she filed her one amended complaint as a matter of course. *See* Dkt. No. 29. The undersigned entered supplemental findings of fact, conclusions of law, and recommendation ("Supplemental FCR") recommending that the amended complaint be dismissed for the same reasons set out in the Initial FCR. *See* Dkt. No. 183.

Giaccio then filed a motion seeking leave to amend and a motion to amend the

damages and relief statement in the complaint. *See* Dkt. Nos. 197, 198, 204. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motions for leave to amend as futile.

## Discussion

Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

One such reason is futility: "If the [pleading], as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

The futility analysis "mimics that of a motion to dismiss." *Id.* So, in a civil case, "the court must determine whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' such that he has '"state[d] a claim to relief that is plausible on its face."'" *Id.* at 388-89 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

Both of Giaccio's motions to amend were filed on the same day. Neither

attaches a proposed second amended complaint, but they set out the purported bases for amending. Most of the allegations are not new or significantly different from the allegations addressed in the Initial FCR and the Supplemental FCR and do not affect the analyses or recommendations.

Giaccio does allege that she was arrested for a third time on July 9, 2025. Her allegations contradictorily state both that she was arrested without a warrant and that she was informed that she had 45 pending warrants. *See* Dkt. No. 197 at 1, 2. As with the allegations relating to her prior arrests, Giaccio's allegations do not state a claim for relief against Hail. And nothing in the motions for leave to amend affects the undersigned's prior recommendations that claims against the other defendants are barred by judicial or prosecutorial immunity.

For these reasons and the reasons set out in the Initial FCR and the Supplemental FCR, the motions for leave to amend [Dkt. Nos. 197, 198, 204] should be denied as futile.

## Recommendation

The Court should deny Giaccio's motions for leave to amend [Dkt. Nos. 197, 198, 204]. Further, after dismissing the case as recommended in the Initial FCR and the Supplemental FCR, the Court should enter an order directing that any future filings in this case be docketed as notices.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE